UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DUMAS,

    Plaintiff,                                            Case No. 12-15262

v.                                                     Hon. Patrick J. Duggan

DANIEL DUCATT, ET AL.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This matter is pending before the Court on a *pro se* civil rights complaint filed by William Dumas ("Plaintiff") pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. Plaintiff names as Defendants two physicians (Daniel Ducatt and Richard Miles) and unidentified prison health care employees.

Plaintiff alleges that, on March 11, 2011, while he was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, Dr. Ducatt prescribed a medication for him that was actually intended for another inmate. Dr. Ducatt apparently recognized his error three days later and entered an order in the electronic medical record system for the medication to be discontinued. Plaintiff alleges that Dr. Ducatt was negligent in solely entering an order in the electronic system and not speaking directly to health care personnel. Plaintiff claims that, because of Dr. Ducatt's negligence, he continued taking the incorrect medication for thirty days, exposing him to the risk of heart failure. Plaintiff alleges that Dr. Miles became aware that the incorrect medication

had been prescribed on April 14, 2011, but also failed to speak directly to health care personnel. According to Plaintiff, the confusion regarding his medication arose because his alias is Andre Roberson and the medication incorrectly prescribed for him was actually intended for another inmate named Andre Roberson. Plaintiff claims that the defendants' actions constitute negligence, medical malpractice, and deliberate indifference to his medical needs.

## I. Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1832 (1989).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 1733 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972).

**II.  Plaintiff's Motion to Amend and Motion for Appointment of Counsel**

Plaintiff has filed a Motion for Leave to File an Amended Complaint. Despite its title, the motion does not ask for immediate amendment of the complaint. Rather, the motion asks the Court to require the Michigan Department of Corrections to provide the

names of certain health care professionals, grievance administrators, and other employees involved in his health care decisions (and identified generally as John Doe Health Care Department and Bureau of Health Care Staff in his complaint) so that he may then amend his complaint to identify the John Doe defendants by name.  As discussed below, the Court finds that the Complaint fails to state a claim upon which relief may be granted.  Discovery of the names of the John Doe defendants would not change the Court's conclusion regarding the viability of Plaintiff's Complaint.  Because discovery would be futile, the motion to amend is denied.

Plaintiff also has filed a Motion for Appointment of Counsel.  A district court may, in its discretion, appoint counsel for an indigent civil litigant.  28 U.S.C. § 1915(e).  "Appointed counsel in civil suits is a privilege only justified in exceptional circumstances."  *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011).  The Court has determined that the Complaint is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B).  Therefore, exceptional circumstances are clearly not presented here and the motion is denied.

### III.   Discussion

The Eighth Amendment embodies "'broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . .,' against which [courts] must evaluate penal measures."  *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S. Ct. 285, 290 (1976) (internal citation omitted).  These principles give rise to a governmental "obligation to provide medical care for those whom it is punishing by incarceration."  *Id.* at 103, 97 S. Ct. at 290; *see also Baker v. City of Detroit*, 217 F. App'x 491, 495 (6th Cir. 2007)

(unpublished) ("The Supreme Court in *Deshaney* [*v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 199-200, 109 S. Ct. 998, 1005 (1989)] recognized a line of cases 'stand[ing] . . . for the proposition that when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being.'"). Prison inmates "must rely on prison authorities to treat [their] medical needs; if the authorities fail to do so, those needs will not be met." *Estelle*, 429 U.S. at 103, 97 S. Ct. at 290. Even in non-life-threatening cases, "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.*

To sustain a § 1983 claim arising from the Eighth Amendment's prohibition against cruel and unusual punishment and based on inadequate medical treatment, Plaintiff must demonstrate that Defendants acted with deliberate indifference to his serious medical needs in diagnosing or treating him. *See, e.g.*, *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). Deliberate indifference claims consist of two components, one objective and the other subjective. The objective component requires that the condition itself be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). The subjective component requires Plaintiff to show that Defendants had "a sufficiently culpable state of mind in denying [him] medical care." *Blackmore*, 390 F.3d at 895 (citing *Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977). While deliberate indifference entails something more than mere negligence or a lack of ordinary due care, the standard is satisfied by something less than acts or omissions for the purpose of causing harm or with knowledge that harm will result. *Farmer*, 511 U.S. at

5

835, 114 S. Ct. at 1978. The Sixth Circuit requires that "a plaintiff [] establish that 'the official knows of and disregards an excessive risk to inmate health or safety,' which is to say 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979).

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The Sixth Circuit acknowledges that "[a] claim of inadequate medical treatment[,]" as opposed to a claim of a complete denial of medical treatment, "may state a constitutional claim" but cautions that such claims are generally limited to situations where "the treatment rendered is 'so woefully inadequate as to amount to no treatment at all.'" *Clark v. Corrections Corp. of Am.*, 98 F. App'x 413, 416 (unpublished) (citing *Westlake*, 537 F.2d at 860-61).

Plaintiff's claims that Defendants mistakenly prescribed the wrong medication and then failed to timely correct the error fails to allege deliberate indifference to medical needs. Even if the error rose to the level of medical malpractice or negligence, medical malpractice or negligence does not constitute a constitutional violation because "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (quoting *Estelle*, 429 U.S. at 106, 97 S. Ct. at 291)). "Thus, a complaint that [medical personnel

6

have] been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.*; *see also Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (indicating that even if treatment is furnished "carelessly or inefficaciously," such treatment does not mean the medical provider "displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation").

Moreover, Plaintiff fails to state a claim that defendants were in any way deliberately indifferent to the psychological injury he claims to experience as a result of the medication error. In fact, the documents attached to his complaint show that he was seen numerous times by a therapist regarding his anxiety and that his physician was monitoring his health for adverse effects related to the medication error. Because Defendants' actions "cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind[,]'" *Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 292, Plaintiff's complaint fails to state a claim upon which relief may be granted.

## IV.   Conclusion and Order

For the reasons set forth above, the Court concludes that Plaintiff's Complaint fails to state a claim for which relief may be granted. For the reasons stated in this Opinion and Order, the Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in*

*forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis.  See* Fed. R. Civ. P. 24(a)(5).

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is summarily **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B);

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint and Plaintiff's Motion for Appointment of Counsel are **DENIED**.


Dated: April 3, 2013

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**William Dumas**, 185267
Cooper Street Correctional Facility
3100 Cooper Street
Jackson, MI 49201